**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

HUGO MONTES DE OCA,

          Defendant - Appellant.

No. 14-50135

D.C. No. 3:13-cr-00752-AJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 6, 2016[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

    Hugo Montes De Oca appeals his judgment of conviction for being a

removed alien found in the United States in violation of 8 U.S.C. § 1326. We

affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, Montes De Oca argues that the district court should have dismissed the charge or granted a new trial because Manuel Gomez-Navarez, who was found with Montes De Oca, was deported before Montes De Oca's trial took place.[1] According to Montes De Oca, Gomez's deportation amounted to a due process violation because he would have provided testimony favorable to the defense.

---

[1] The United States asserts that Montes De Oca argues for the first time on appeal that the indictment should have been dismissed because Gomez's deportation violated his due process rights. According to the United States, the dismissal request is both waived under Federal Rule of Criminal Procedure 12(b)(3) and barred by operation of common law. However, in his Motion for Discovery and Motion for New Trial, Montes De Oca argued that Gomez's deportation was a due process violation under *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Both the government and district court interpreted this as raising a motion to dismiss for a due process violation.

Montes De Oca's dismissal argument was raised in his *post-trial* discovery motion. The United States argues that under Rule 12(b)(3), Montes De Oca's failure to raise this claim by *pretrial* motion bars its consideration on appeal without good cause. However, there are two limitations on Rule 12(b)(3): (1) the basis for the motion must be one that is "then reasonably available"; and (2) the motion must be one that the court can determine "without a trial on the merits." *See* Fed. R. Crim. P. 12(b)(3).

The United States argues that Montes De Oca knew about Gomez's deportation before trial. In support of this argument, the United States points only to the fact that Montes De Oca proposed a "missing witness" jury instruction a few days before trial, without mentioning Gomez specifically. Montes De Oca asserts that the first time the government produced discovery on Gomez was during the post-trial hearing on the motion for new trial. At the hearing, the government indicated that it produced the reference of record of deportable alien pertaining to Gomez on October 30, 2013, after the trial took place. Accordingly, Montes De Oca's argument will be addressed on the merits.

We apply a two-part test to determine whether the government unconstitutionally deported a witness: "[T]he defendant must make an initial showing that the Government acted in bad faith *and* that this conduct resulted in prejudice to the defendant's case." *United States v. Medina-Villa*, 567 F.3d 507, 517 (9th Cir. 2009), *as amended* (June 23, 2009) (internal quotation marks omitted).

Montes De Oca has failed to show that the government acted in bad faith. He does not argue that the United States departed from normal deportation procedures for the purpose of preventing testimony favorable to Montes De Oca. In addition, he failed to show that Gomez could offer exculpatory evidence, or that he could have offered such evidence at the time he was deported. Moreover, the United States was unaware before the trial that Montes De Oca would raise those arguments because Montes De Oca did not seek pretrial discovery of Gomez's arrest reports, post-arrest statement, or A-File.

In addition, Montes De Oca has not shown that the government's conduct resulted in prejudice to his case. Montes De Oca argues that Gomez may have testified about several matters, including: Montes De Oca's demeanor, that they were lost at the time of apprehension, that he was acting as Monte De Oca's guide, and the reason they were lying under a tarp when apprehended. There is no

3

indication that Gomez's testimony on these matters would have been favorable to Montes De Oca. Montes De Oca has not made a plausible showing that Gomez's testimony would have affected the jury's verdict. *See United States v. Bagley*, 473 U.S. 667, 681-82 (1985).

To warrant a new trial for newly discovered evidence, a defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of the defendant's lack of diligence; (3) the evidence must be 'material' to the issues at trial; (4) the evidence may not be (a) cumulative or (b) 'merely impeaching'; *and* (5) the evidence must indicate that a new trial would 'probably' result in acquittal." *United States v. Hinkson*, 585 F.3d 1247, 1257 (9th Cir. 2009).

Here, Montes De Oca has failed to satisfy the first and fifth factors. In his motion for new trial, Montes De Oca speculated that Gomez's "statements, reports, or admissions would constitute newly discovered evidence" that Gomez served as the guide or had been apprehended as a guide on previous occasions. After receiving and reviewing Gomez's reports, however, Montes De Oca admitted they did not contain the information he sought.

Finally, a new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). As discussed above, there is no indication that Gomez

4

could have provided favorable evidence for Montes De Oca. Montes De Oca has not shown that the "interest of justice" demands a new trial.

Second, Montes De Oca argues that the district court abused its discretion in denying his post-trial discovery motion brought under Federal Rule of Criminal Procedure 16. Under Rule 16, the government must disclose upon the defendant's request, all "documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Montes De Oca did not present any facts tending to show that Gomez's A-File had any information helpful to his defense. *See United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995) (evidence is "material" if it is helpful to the development of a possible defense).

Third, Montes De Oca argues that the district court abused its discretion in declining to give a "missing witness" instruction. Such an instruction is appropriate if: (1) "the party seeking the instruction [] show[s] that the witness is peculiarly within the power of the other party"; and (2) "under the circumstances, an inference of unfavorable testimony [against the non-moving party] from an absent witness is a natural and reasonable one." *United States v. Leal-Del Carmen*, 697 F.3d 964, 974-75 (9th Cir. 2012) (internal quotation marks omitted). Montes De Oca has failed to meet the second prong of this test. He requested the

5

instruction because "maybe" Gomez would have "knowledge as to where and how they entered, what their route was, whether or not he was the guide." His request is speculative. As discussed above, defense counsel conceded that Gomez's sworn statement and arrest reports did not indicate that he acted as a guide. There is no evidence that Gomez's testimony would have supported Montes De Oca.

Fourth, Montes De Oca argues that the district court abused its discretion when it precluded "*any* reference to Manuel [Gomez-Navarez]" in closing argument by denying defense counsel's request to mention the missing witness rule.[2]

The court's limitation on Montes De Oca's closing argument related only to any potential inference that Gomez's absence meant that he would have testified unfavorably against the United States. The court did not prevent Montes De Oca from referring to Gomez, noting that the United States did not call Gomez as a witness, or from questioning whether the absence of his testimony affected the sufficiency of the government's evidence.

---

[2] Montes De Oca argues that because defense counsel did not finish his question, it is not apparent that he was asking about the missing witness rule. However, defense counsel specifically mentioned the term "missing witness." In addition, the thrust of his question is apparent from the context. He asked it immediately after the district court denied his request for a missing witness instruction.

It was proper for the district court to prohibit Montes De Oca from making a "missing witness" inference during closing argument.  As explained above, the district court correctly found that there was not "any basis in the evidence" to suggest that Gomez's testimony would be unfavorable to the United States.  A missing witness inference must be permissibly based on the evidence.  *See United States v. Bramble*, 680 F.2d 590, 592 (9th Cir. 1982) (court may refuse to allow a missing witness argument when it would be misleading); *see also United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003) ("A district court certainly retains the power to preclude closing arguments on defense theories that are not supported by the evidence.").

     **AFFIRMED.**

FILED

JUL 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***U.S. v. Montes De Oca***, **Case No. 14-50135**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.